

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2005

# Chandra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chandra v. Atty Gen USA" (2005). *2005 Decisions*. Paper 708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1917

KRISTILA CHANDRA
Petitioner

v.

*Attorney General
of the United States,
Respondent

(* Amended pursuant to Rule 43(c), Fed. R. App. Pro.)

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

(No. A79-304-213)

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2005

Before: ALITO and BECKER, <u>Circuit Judges</u>, and SHADUR, <u>District Judge</u><sup>*</sup>

(Filed: August 11, 2005 )

OPINION OF THE COURT

---

<sup>*</sup>Honorable Milton I. Shadur, United States District Judge for the Northern District of
Illinois, sitting by designation.

PER CURIAM:

Kristila Chandra, a native and citizen of Indonesia, petitions for review of a March 24, 2004, decision of the Board of Immigration Appeals ("BIA") affirming without opinion the September 23, 2002, decision of an Immigration Judge ("IJ") denying her applications for asylum and withholding of removal.[1]  When the BIA issues a summary affirmance, "the IJ's opinion effectively becomes the BIA's, and, accordingly, a court must review the IJ's decision."  Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).  Because we write only for the parties, we do not set out the facts.

We lack jurisdiction to review the IJ's denial of Chandra's asylum application as untimely.  See 8 U.S.C. §§ 1158(a)(3), (a)(2)(B) ("No court shall have jurisdiction to review any determination" as to whether "the alien demonstrate[d] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."); Tarawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003) ("the language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year

---

[1]Chandra also sought relief before the IJ under the United Nations Convention Against Torture.  She did not appeal this issue before the BIA, so we do not address it. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) ("an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim").

limitations period, and that such period was not tolled by extraordinary circumstances").

We do have jurisdiction to consider the IJ's denial of Chandra's withholding of removal claim, and we hold that the IJ's decision is supported by substantial evidence. See Xie v. Ashcroft, 359 F.3d 239, 246 (3d Cir. 2004) (adverse credibility determinations must be affirmed if supported by substantial evidence).[2] The IJ's thorough oral opinion devotes ten pages to credibility analysis, see A.R. 61-70, and we find it persuasive in light of the record as a whole. Most importantly, as the IJ noted, Chandra cannot explain the discrepancy between her I-589 Application (which stated that she was a Buddhist) and her oral testimony (where she claimed that she was a Christian). Even if Chandra's proffered explanation for this discrepancy were accepted, Chandra still cannot explain why she could not articulate basic tenets of Christianity. See, e.g., id. at 63 ("she went as far as to say that Christians do not believe in communion"; "[s]he could not describe how Christ died"). These deficiencies go to the heart of Chandra's claim that she fears religious persecution in Indonesia, and are therefore proper grounds for dismissal of her claim.

At all events, there is no evidence in the record that would compel a reasonable adjudicator to find that there is a clear probability that Chandra's life or freedom will be

---

[2]Section 101(a)(3) of the REAL ID Act of 2005, Pub. Law No. 109-13 (May 11, 2005), 119 Stat. 231, provides a standard for credibility determinations, but it applies only to applications filed after the Act's effective date. See 119 Stat. at 305 ("The amendments made by subsections (a)(3), (b), (c), and (d) shall take effect on the date of the enactment of this division and shall apply to applications for asylum, withholding, or other relief from removal made on or after such date.").

threatened on account of her religion or ethnicity if she returns to Indonesia.  None of the incidents described by Chandra rises to the level of persecution (which requires more than mere harassment or discrimination).  While ethnic Chinese may have been discriminated against in Indonesia, the State Department reports evidence improved conditions since Chandra left Indonesia in July 1999.  See Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005).  Accordingly, Chandra's petition for review of the BIA's decision is denied.

4